744 So.2d 1284 (1999)
Joseph GREFER, Camille Grefer, Rose Marie Grefer, Hassie & Henry Grefer
v.
ALPHA TECHNICAL, et al.
No. 99-CC-1782.
Supreme Court of Louisiana.
October 15, 1999.
PER CURIAM.[*]
Plaintiffs are owners of property which was leased to two oil service companies. *1285 Subsequently, plaintiffs allegedly discovered that the lessees conducted activities which generated hazardous and toxic radioactive materials causing damage to their property. As a result, plaintiffs filed suit against lessees. Among the claims alleged by plaintiffs were (1) a claim for absolute liability, on the ground lessees engaged in ultrahazardous activities; (2) a claim in strict liability under La. Civ.Code arts. 667-669, on the ground that the lessees operated a nuisance; and (3) a breach of contract claim, on the ground plaintiffs were third party beneficiaries of the contracts between lessees and various oil companies.
The lessees filed an exception of no cause of action with regard to these three claims. The district court sustained the exception. Plaintiffs applied for supervisory writs to the court of appeal, which denied relief. This application followed.
Article 1915(B) of the Louisiana Code of Civil Procedure provides that "[w]hen a court ... sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties ... the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay." In the instant case, the parties did not seek to designate the judgment sustaining the exception of no cause of action as immediately appealable. Accordingly, this interlocutory judgment may be reviewed on appeal after the trial on the merits disposes of all issues and parties. Although plaintiffs seek to invoke the exercise of this court's supervisory jurisdiction, they have not made a sufficient showing that immediate review is justified because resolution of the issue will likely terminate the litigation. See Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
While we decline to exercise our supervisory jurisdiction as to the merits of the judgment sustaining the exception, we recognize a procedural defect in the district court's judgment. Having sustained the exception of cause of action, the district court erred in failing to give plaintiffs an opportunity to amend their pleadings to cure the defect. La.Code Civ. P. art. 934. Accordingly, the application is granted for the limited purpose of remanding the matter to the trial court to set a delay for plaintiffs to amend their pleadings in an attempt to remove the objection raised by the exception of no cause of action. In all other respects, the application is denied.
NOTES
[*] Victory, J. not on panel. Rule IV, Part II, § 3.