| .WALTZER, Judge.
Plaintiff, Robert Kantas,' seeks review of a judgment dismissing all claims against two defendants, Drs. Marguerite McDonald and Karen Pendleton.
STATEMENT OF THE FACTS AND HISTORY OF THE CASE
In 1993 Kantas sought treatment for nearsightedness at LSU' Eye Center. Drs. McDonald and Pendleton performed the surgery using a laser manufactured by YISX, Inc. Kantas sued various defendants, including Drs. McDonald and Pen-dleton, LSU Eye Center, and VISX, Inc.
Drs. McDonald and Pendleton filed an exception of no cause of action arguing that the Malpractice ■ Liability for State Services Act, LSA-R.S. 40:1399.39, et seq., did not authorize a cause of action against individual employees of the state. After hearing the exception, the trial court sustained the exception and dismissed the claims against McDonald and Pendleton.
Kantas has applied for supervisory writs and seeks review of the judgment.
DISCUSSION
Kantas asks this court to review a judgment sustaining an exception of no cause of action and dismissing all claims against two defendants. LSA-C.C.P. art. 1915(A) authorizes a partial judgment, dismissing “the suit as to less than all of the ^parties, defendants, third-party plaintiffs, third-party defendants, or intervenors.” To invoke the court’s appellate jurisdiction, such a partial judgment “shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.” LSA-C.C.P. art. 1915. The legislature amended Article 1915 by Acts 1999, No. 89, § 1; Acts 1999, No. 1263, § 1, eff. 1 January 2000. The legislation expressly prescribes the amendments “apply to all actions filed on or after January 1, 2000.” Acts 1999, No. 1263. Furthermore, Article 1915 provides,
In the absence of such a determination and designation, any order or decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be reviewed at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
LSA-C.C.P. art. 1915 B.
The trial court sustained Drs. McDonald and Pendleton’s exception of no cause of action and dismissed all claims against these defendants. However, this judgment did not adjudicate all claims and the rights and liabilities of all the parties. The record does not contain any determination or designation by the trial court of the partial judgment as a final judgment. This partial judgment is not a final judgment, and it may be revised at any time before final resolution of the case.
Kantas has applied for supervisory writs. To invoke an appellate court’s supervisory jurisdiction, the relator must make a sufficient showing that immediate review is justified because resolution of the issue will likely, terminate the litigation. Grefer v. Alpha Technical, 99-1782 *1156 (La.10/15/99); 744 So.2d 1284, 1285. Because this partial, non-final judgment, may be revised at any time before resolution of the entire case, relators have not made a showing that our exercise of supervisory jurisdiction will likely end this litigation.
CONCLUSION
For the above reasons, we decline to exercise our supervisory jurisdiction.
WRIT DENIED.