FREDERICKA HOMBERG WICKER, Judge.
|2The matter before us is a partial summary judgment, which the trial judge designated as a final, appealable judgment under La.C.C.P. art. 1915(B). After the record was lodged in our Court, plaintifiyappellee, Leah, Robein, filed a pleading entitled “Answer.” Irrespective of the title, the pleading clearly seeks the dismissal of the devolutive appeal filed by defendants/appellants, Scotty Assavedo, Mechanical Construction Company, LLC, and Gray Insurance Company. Ms. Ro-bein seeks to dismiss the appeal on the basis that the judgment appealed was not properly certified as a final judgment under the provisions of La.C.C.P. art. 1915(B). We treat this pleading as a motion to dismiss the appeal.[1] Based on our |sde novo review of the trial court’s designation of the judgment as final for purposes of appeal, we conclude that the trial court’s certification of the judgment was improper. Accordingly, we grant the motion to dismiss the appeal and dismiss the *1153 appeal without prejudice. We vacate the certification order of appealability and remand for further proceedings.

Facts and Procedural History

These consolidated cases arise from a motor vehicle accident, which occurred on August 5, 200B. In one case,[2] Ms. Robein seeks damages from the defendants/appellants for alleged injuries resulting from the accident. She alleged that the accident occurred while she was operating her vehicle on North Causeway Boulevard in the U-turn lane just south of the intersection of Causeway Boulevard and Veterans Boulevard in Metairie, Louisiana. She asserted that while she was stopped for traffic, the defendant, Mr. Assavedo, operating a vehicle owned by his employer, Mechanical Electric, LLC, and while acting in the course and scope of his employment, negligently collided with the rear of her vehicle causing her to sustain serious and disabling injuries. In the other case,[3] State Farm Fire and Casualty Company seeks to recover past and future workers’ compensation benefits it allegedly paid or will pay on behalf of Ms. Robein as a result of the accident.
In answer to Ms. Robein’s and State Farm’s petitions, the defendants/appellants raised the defenses of comparative negligence and assumption of the risk. After Ms. Robein filed the motion for partial summary judgment at issue here, the defendants/appellants amended their answer to add as an alternative defense the fault of a third party. They alleged that the third party |4drove a lead vehicle and negligently stopped suddenly and without warning in front of Ms. Robein. In the event any judgment was rendered in favor of the plaintiff, they asked that the judgment against them be reduced by the negligence of Ms. Robein or any other drivers who contributed to the accident.
Ms. Robein filed a motion for partial summary judgment in which she asked the court to find employer vicarious liability, insurance coverage, and causation.
The defendants/appellants stipulated to Mr. Assavedo’s employment with Mechanical Electric, LLC as well as to the fact that the Gray Insurance Company Policy attached to the plaintiffs motion for summary judgment was in full force and effect at the time of the accident. However, the defendants/appellants objected to its introduction at the jury trial. They also objected to the causation portion of the motion being granted. In that regard, they argued Ms. Robein’s comparative negligence and the fault of the phantom lead vehicle. Thus, they asserted that Mr. Assavedo was not 100% liable for the collision.
At the motion hearing, Ms. Robein’s counsel informed the court that in light of the stipulations, there was only one issue for the court to address: whether the defendants/appellants rebutted the presumption of negligence of Mr. Assavedo, the rear-ending motorist. In support of the motion, counsel introduced into evidence, without objection, portions of Mr. Assave-do’s deposition. However, the defendants’ counsel objected to a line of questioning eliciting an alleged expert opinion from Mr. Assavedo.
On January 14, 2010, the trial judge granted the partial summary judgment and made the following pertinent finding on causation:
That the defendants, Scotty Assavedo and Mechanical Construction Company, LLC, are liable for the negligence of Scotty Assavedo in |ficausing the Dodge Ram truck that he was operating to *1154 collide with the rear of the Robein vehicle.
The defendants/appellants filed their first motion for devolutive appeal on March 16, 2010. However, a few days later on March 22, 2010, they filed a motion to dismiss the appeal without prejudice, which this Court granted on March 23, 2010. Then, on the same date, the defendants/appellants filed an ex parte motion to designate the judgment as final. The trial judge granted the motion. The judgment was certified in an ex parte ruling as final after an express finding that there was no just reason for delay. Again, on the same date, the defendants/appellants filed a second motion for devolutive appeal, which was granted.

Analysis

In addition to arguing that the appeal should be dismissed as improperly certified under La.C.C.P. art. 1915(B), Ms. Robein argues the following grounds for dismissal: (1) the certification was improperly made without a contradictory hearing, and (2) the proposed certification order was not circulated to opposing counsel for review as to form as required by Rule 9.5 of the Louisiana District Court Rules.[4] However, under Messinger, Inc. v. Rosenblum, 04-1664, p. 1-2 (La.3/2/05), 894 So.2d 1113, 1114-15, we must conduct a de novo review, and if upon de novo review find that the judgment was improperly certified, we must dismiss the appeal. Thus, since we find the judgment was improperly certified, the issues |,¡regarding the failure to conduct a contradictory hearing and failure to comply with Rule 9.5 are rendered moot. We do not, however, condone the practice of seeking an ex parte certification order in non-compliance with Rule 9.5. In this case, appellants’ counsel advised the trial court that “[tjhis is an ex parte motion and consent of opposing counsel has not been obtained.” In its response here to the appellee’s arguments, the appellants do not dispute or even address the fact that Ms. Robein was not given an opportunity to comment on the proposed order before it was presented to the trial court for signature. Since opposing counsel may object to the designation of appealability, as in this case, the better practice would be to allow opposing counsel the opportunity to respond with countervailing arguments.
The plaintiff argued in the body of her memorandum in support of the motion for summary judgment that Mr. Assavedo was 100% at fault, but in conclusion she only asked that the trial judge find that the defendants, Mr. Assavedo and his employer Mechanical Electric, LLC were liable for Mr. Assavedo’s actions and omissions in causing Mechanical Electric, LLC’s truck to collide with the rear of the plaintiffs vehicle. Therefore, in conclusion, she *1155 was only asking for a finding on causation. The trial judge made that finding but the finding does not establish 100% liability. The trial court’s judgment did not address the alleged comparative negligence of either Ms. Robein or the phantom vehicle or the sudden emergency defense.
The trial judge rendered a partial summary judgment as to one or more but less than all of the claims, demands, issues, or theories, in the original demand. Such a judgment “shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” La.C.C.P. art. 1915(B)(1).
17Although the trial judge designated the interlocutory judgment as final, he did not give explicit reasons for finding that there was no just reason for delay. When the trial court fails to give explicit reasons on the record for its determination, appellate courts should review de novo certified judgments. R.J. Messinger, Inc. v. Rosenblum, 04-1664, p. 1-2 (La.3/2/05), 894 So.2d 1113, 1114-15.
In support of their motion for certification, the defendants/appellants asserted that certification would result in a final disposition of liability. Thus, the trial judge evidently considered their argument. At the motion hearing, plaintiffs counsel argued that the granting of the motion would eliminate the need to instruct the jury on liability and comparative fault. In her brief before this Court, Ms. Robein likewise characterizes the judgment as a judgment on liability. On the other hand, the appellants express uncertainty before this Court as to whether the judgment disposed of their comparative negligence claim. They argue that, in the event we do not dismiss the appeal, we clarify the ambiguous judgment.
Here, the trial judge rendered a partial summary judgment on only one aspect of liability raised in this litigation— causation. However, there are outstanding liability issues that must be adjudicated by the jury before liability can be determined. These issues include the merits of the defendants’ defenses of comparative and third party negligence. In short, the merits of these liability issues, which necessarily involve the introduction of evidence on these defenses, must be resolved before the jury can proceed to decide the damage issue. Thus, contrary to Ms. Ro-bein’s characterization of the judgment as one disposing of all liability issues, liability issues remain to be decided.
The First Circuit has routinely held that “[wjhere a partial summary judgment decides only some aspects of a liability claim ... the ruling is not one |8properly certified for an immediate appeal under Article 1915(B)”. Templet v. State ex rel. Dept. of Public Safety and Corrections, 05-1903, p. 7 (La.App. 1 Cir. 11/3/06), 951 So.2d 182, 186. We agree.
In considering whether a judgment is properly designated as a final judgment pursuant to Article 1915(B), a court must take into account judicial administrative interests as well as the equities involved. Messinger, 04-1664 at p. 13, 894 So.2d at 1122 (citations omitted). Factors that may be considered, although not exclusive, when determining whether a partial judgment should be certified as appealable include: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the trial court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and 4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of *1156 trial, frivolity of competing claims, expense and the like. However, the overriding inquiry for the trial court is whether there is no just reason for the delay. Messinger, 04-1664 at p. 14, 876 So.2d at 1122-23 (citations omitted).
Considering these factors, we find that the trial court erred in determining that the partial summary judgment at issue was immediately appealable. The partial judgment did not adjudicate all of the liability issues. The remaining liability issues are closely related to the one issue decided by the trial court. As in Creighton, Richards & Higdon, L.L.C. v. Richards Clearview, L.L.C., 09-247, pp. 5-6 (La.App. 5 Cir. 10/29/09), 28 So.3d 391, 393, we find that judicial resources would be wasted by the appellate review of the partial summary judgment at this time, considering the probability of a later appeal involving the adjudication of the | Remaining claims. Id. Accordingly, we find that this matter is not ripe for immediate appeal.

Conclusion

For the above discussed reasons, the appeal is dismissed without prejudice at appellants’ costs. The order certifying the motion for partial summary judgment as final pursuant to La.C.C.P. art. 1915(B)(1) is vacated. The case is remanded to the district court for further proceedings.[5]

MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED WITHOUT PREJUDICE; CERTIFICATION OF APPEALABILITY ISSUED BY TRIAL COURT VACATED; REMANDED FOR FURTHER PROCEEDINGS.

. Pursuant to La.C.C.P. art. 865, we are authorized to construe every pleading so as to do substantial justice. Smith v. Trattler, 96-225, p. 2 (La.App. 5 Cir. 9/18/96), 681 So.2d 961, 963. Although styled as an "answer" to the appeal, the pleading seeks a dismissal rather than modification, revision or reversal of the judgment. It also does not seek damages. See: La.C.C.P. art. 2133 ("An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or ... demands damages against the appellant.”). Therefore, appellee’s filing in the Court is properly considered a motion to dismiss the appeal.

. District Court proceeding number 622-532, Appellate proceeding number 10CA538.

. District Court proceeding number 610-491, Appellate proceeding number 10CA539.

. Rule 9.5 provides:
All judgments, orders, and rulings requiring the court’s signature shall either be presented to the judge for signature when rendered or, if presented later, contain the typewritten name of the judge who rendered the judgment, order, or ruling.
If presented later, the responsible attorney or the unrepresented party shall circulate the proposed judgment, order, or ruling to counsel for all parties and to unrepresented parties and allow at least three working days for comment before presentation to the court. When submitted, the proposed judgment, order, or ruling shall be accompanied by a certificate regarding the date of mailing, hand delivery, or other method of delivery of the document to other counsel of record and to unrepresented parties, stating whether any opposition was received.
The page of the judgment, order, or ruling containing the judge's signature line shall reflect the docket number and title(s) of the pleading(s) at issue.
This rule does not apply to default judgments.

. Also, we decline to convert the improper appeal to a supervisory writ application. The appellants never sought writs from the interlocutory ruling. They filed their first motion for devolutive appeal 60 days from the clerk’s mailing of notice of the January 14, 2010 judgment. Even construing the motion for appeal as a notice of intent to seek writs, the writ would have been untimely filed beyond the 30-day period required by Uniform Rules — Courts of Appeal, Rule 4-3. Even if timely, we would decline to convert because this partial, non-final judgment may be revised at any time before resolution of the entire case. See: La.C.C.P. art. 1915(B)(2). Accord: Kantas v. Board of Sup'rs of Louisiana State University and Agricultural and Mechanical College ex rel. LSU Eye Center-New Orleans, 00-0170 (La.App. 4 Cir. 3/1/00), 756 So.2d 1154, 1155-56.