HIGGINBOTHAM, J.
This appeal involves a dispute between adjacent landowners regarding the existence of a predial servitude of passage.
FACTS AND PROCEDURAL HISTORY
In 2006, plaintiff, Ms. Pauline G. Verret, purchased from Mr. Barry Marionneaux a parcel of land consisting of approximately 22.899 acres in Iberville Parish and designated as Tract M-1 on a survey map done by Triche Land Surveying, Inc. According to the legal description in the act of sale, Tract M-1 "fronts on a 40' private access servitude" (forty-foot right-of-way). Subsequently, in 2009, Mr. Marionneaux sold land designated in the Triche survey map as Tract M-2 to Kari E. Johnson and land designated in the Triche survey map as Tract M-3 to Joshua H. Johnson. In the acts of sale, Kari and Joshua Johnson, as well as all future owners of the subdivided property depicted on the attached Triche survey map, except Tract M-1, were granted a predial servitude of passage on the forty-foot right away as depicted in the Triche survey map. It was further stipulated that the passageway shall be used only by the owners of the property. In *271 2014, Kari Johnson sold Tract M-2 to Spencer Hergruder.
On November 29, 2016, Ms. Verret filed a petition seeking recognition of her non-exclusive possession and use over the forty-foot right-of-way located adjacent to her property, and to void the subsequent sales of Tract M-2 and M-3 to Mr. Hergruder and Mr. Johnson to the extent that those sales denied or limited her access to the forty-foot right-of-way. In her petition, Ms. Verret stated that at the time of the sale of Tract M-l to her by Mr. Marionneaux, a predial servitude of passage by destination of owner was created over the forty-foot right-of-way in favor of Tract M-l.
Ms. Verret named Mr. Johnson, Mr. Marionneaux, and Mr. Hergruder as defendants (the defendants). The defendants filed answers to Mr. Verret's petition pointing out that the forty-foot right-of-way was limited to use and passage by those residents, occupants, or owners of property subdivided into various tracts by Mr. Marionneaux, excluding Tract M-1, the larger tract owned by Ms. Verret.
Ms. Verret then filed a Rule for Judgment Pro Confesso contending that the defendants in their answers asserted title in themselves in contravention of La. Code Civ. P. art. 3657, thereby converting the suit into a petitory action and confessing the possession to Ms. Verret in the possessory action. Thus, Ms. Verret sought a judgment recognizing her in corporeal possession of a non-exclusive servitude of passage across the forty-foot right-of-way and ordering her to file responsive pleadings to the allegations of title and ownership made by the defendants in their answers.
In response to Ms. Verret's rule, Mr. Marionneaux filed a dilatory exception raising the objection of improper use of summary procedure and a peremptory exception raising the objection of no cause of action and/or motion to strike, which Mr. Hergruder adopted. In his exception of no cause of action, Mr. Marionneaux asserted that pursuant to La. Code Civ. P. art. 3657, Ms. Verret pled both a petitory action and possessory action in her petition, and as a result, her possessory action was waived and any claims as to possession should be stricken from her petition.
After a hearing on the exceptions and rule, the trial court signed a judgment granting the defendants' exceptions of improper use of summary procedure and no cause of action, and dismissing Ms. Verret's Rule for Judgment Pro Confesso. It is from this judgment that Ms. Verret appeals.
In response, the defendants filed a motion to dismiss the appeal and for remand arguing that the judgment is interlocutory, as it did not dispose of Ms. Verret's petitory action, but only her possessory action. Specifically, the defendants pointed out that the ultimate issue of whether a servitude by destination of owner was created, and if so, in favor of whom, remained unresolved. On November 16, 2017, this court referred the defendants' motion to the panel hearing the merits of the appeal.
LAW AND ANALYSIS
The judgment on appeal provides as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Exception of No Cause of Action filed by the Defendants herein be and the same is hereby sustained and granted with the finding that the Plaintiff has waived any question of possession in this matter; and
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Exception of Improper Use of Summary Proceedings is granted as well; and
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the *272 Motion for Judgment Pro Confesso be and the same is hereby dismissed and that the Plaintiff, Pauline G. Verret, is cast with all cost of the Exceptions and the Motions.
Louisiana Code of Civil Procedure article 2083(A) provides for appeals of final judgments, and subsection (C) of that article provides that an interlocutory judgment is appealable only when expressly provided by law. A judgment that determines the merits, in whole or in part is a final judgment, and a judgment that does not determine the merits, but only preliminary matters in the course of the action, is an interlocutory judgment. La. Code Civ. P. art. 1841.
Louisiana Code of Civil Procedure article 1915 provides, in part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment at issue herein did not dismiss all claims against one or more parties and does not otherwise fall within the enumerated parameters of article 1915(A). The judgment dismissed the Rule for Judgment Pro Confesso. It also granted the exception of no cause of action; however that exception did not seek dismissal of all claims, but rather just sought dismissal of the possessory action. The judgment specifically references that the exception of no cause of action was granted with the finding that plaintiff waived any question of possession.
As pointed out by the defendants, the issue of whether a servitude was acquired by destination of the owner remains unresolved. Accordingly, this interlocutory judgment may be reviewed on appeal after *273 the trial on the merits disposes of all issues and parties. Article 1915(A) does not authorize a partial final judgment on an exception of no cause of action (unless a party is dismissed), and consequently, such a judgment is an interlocutory judgment which is not immediately appealable. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 (La. 1993). Article 1915(B) authorizes a partial final judgment when a court sustains an exception in part, as to one or more but less than all claims, demands, issues, or theories against a party if the judgment is designated as a final judgment by the court after an express determination that there is no just reason for delay. The judgment herein was not designated by the trial court as a final judgment and is therefore, clearly an interlocutory judgment that is not immediately appealable-therefore, we dismiss the appeal.
When confronted with a judgment on appeal that is not final and appealable, we are authorized to exercise our discretion to convert the appeal to an application for supervisory writs. The Supreme Court has instructed the appellate courts to exercise supervisory jurisdiction when (1) an appellate reversal will "terminate the litigation," (2) there is no dispute of fact to be resolved, and (3) the trial court decision is "arguably incorrect." Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981) (per curiam). Under the circumstances of this case, Ms. Verret will have an adequate remedy on appeal following a determination of her petitory action, and an immediate review of the judgment before us is not justified since any determination herein likely will not terminate this litigation. See Grefer v. Alpha Technical, 99-1782 (La. 10/15/99), 744 So.2d 1284, 1285 (per curiam); see also Herlitz, 396 So.2d 878. Therefore, we decline to exercise this court's supervisory jurisdiction.
CONCLUSION
For the above reasons, it is hereby ordered that this appeal be dismissed, and the matter is remanded to the trial court for further proceedings. All costs of this appeal are to be paid by plaintiff-appellant, Ms. Pauline G. Verret.
APPEAL DISMISSED; REMANDED.