BOWES, Judge.
This appeal comes to us from a judgment of the lower court denying a writ of manda *458 mus to the Sheriff of St. Charles Parish, to “timely execute all arrest warrants.” We reverse and remand for further proceedings.
Plaintiff is a justice of the peace in the Parish of St. Charles. His original petition for a writ of mandamus alleged that warrants issued by him in his official capacity had not been timely executed, or had never been executed; and, additionally, that the sheriff had been authorizing release of arrested subjects on their own recognizance. By the time of trial, the last allegation was no longer an issue, but the pleadings had been “amended” by virtue of a letter dated July 8, 1981, from counsel for plaintiff to counsel for defendant, which, they stipulated, constituted an agreement to limit evidence concerning the alleged untimely services of warrants by the sheriff to those stated in said letter. The trial judge then ruled this letter would constitute an amended petition.
After the trial on the merits, the trial judge denied and dismissed the application for a writ of mandamus because he felt plaintiff failed to prove that the sheriff did not timely execute arrest warrants.
We agree with that portion of the reasons for judgment, given by the learned trial judge, which states: “A myriad of problems can delay execution of warrants of arrest. Persons charged with offenses do not voluntarily come forward but must be identified and found after search.” However, we believe that a preponderance of the evidence shows that the sheriff has not executed, without undue delay, all or most of those warrants issued by the plaintiff and listed on the letter referred to hereinabove. According to the unrebutted testimony of plaintiff, the execution of these warrants took some two weeks, and in some instances were never carried out. There was no evidence to sustain a conclusion that these cases were delayed for any ordinary or justifiable reason. Therefore, we must conclude that the warrants have not been promptly or “timely” executed.
Apparently there is a system in St. Charles Parish, which is acceptable to and followed by most justices of the peace, but to which plaintiff did not adhere, whereby the district attorney’s office screens warrants prior to service. Rather than sending the affidavits and warrants to the district attorney, en route to the sheriff, Schexnay-der sent only the affidavits to the district attorney. Many warrants were picked up by deputies who signed receipts for them, including those listed in the amending letter. Otherwise, the warrants themselves were forwarded directly to the sheriff.
The law requires that the sheriff must execute an arrest warrant after receipt from a court officer, here a justice of the peace, within a reasonable and practicable time without regard for any intermediary advice from or screening by the district attorney or anyone else.
We recognize here that there may be a serious constitutional question involved in the practice of the screening of warrants by the district attorney’s office, prior to their execution by the sheriff. However, we are of the opinion that this issue was not properly raised either in the District Court nor on appeal and, indeed, could not be done without joining other parties. Therefore, we are unable to determine the constitutional question at this time.
Since we find that the sheriff has not timely executed some warrants within a reasonable and practicable time, we must conclude, from all of the evidence, that most other warrants were treated similarly. Accordingly, plaintiff is legally entitled to the relief prayed for to require the sheriff to perform this purely ministerial duty properly, as the law requires.
The judgment appealed from is reversed and the district judge is directed to issue to the sheriff of St. Charles Parish a Writ of Mandamus commanding him to timely serve within a reasonable and practicable time all arrest warrants issued by the Honorable Louie Schexnayder and received by him, all in keeping with this opinion.
Defendants request for attorney’s fees for frivolous appeal is denied, and all costs of this appeal are taxed to the defendant.
REVERSED.