GRAVOIS, J.
_JjTn this wrongful death suit, plaintiffs, various family members of the late Maria Ibanez Sarasino (“Mrs. Sarasino”),[1] appeal the trial court’s grant of summary judgment in favor of defendant, Jefferson Parish Sheriff Newell Normand. In their suit, plaintiffs argued that the Sheriff breached a duty owed to their decedent, Mrs. Sara- *925 sino, by “failing to properly protect” Mrs. Sarasino from Miguel Rojas (“Rojas”), the perpetrator who killed Mrs. Sarasino, and also in “failure to timely arrest” Rojas.
Upon de novo review, for the following reasons, finding that there is no genuine issue as to material fact and that Sheriff Normand is entitled to judgment as a matter of law, we affirm the trial court’s grant of summary judgment that found the Sheriff immune from liability pursuant to La. R.S. 9:2798.1 and that dismissed all of plaintiffs’ claims against the Sheriff.
FACTS AND PROCEDURAL BACKGROUND
On September 27, 1999, Maria Ibanez Sarasino was shot and killed in her front yard in Kenner, Louisiana, by Miguel Rojas. Miguel was the brother of Alphonse Rojas, the husband of Mrs. Sarasino’s daughter, Maria Sol Sarasino. In December of 1998, Rojas was paroled from the custody of the Louisiana Department of Public Safety and Corrections, after serving approximately three years on a conviction for attempted murder. Upon his release, Rojas resided in Mrs. Sarasino’s home for several months, then briefly with his brother and sister-in-law, and then finally with his sister.
After his release from prison, Mrs. Sara-sino helped Rojas get a job at a restaurant where she was the kitchen manager. However, tensions developed between Rojas and Mrs. Sarasino, as well as with other family members. At some |apoint around the beginning of September of 1999, Alphonse Rojas discovered that his handgun was missing from his home; he suspected that his brother had taken it. The record reflects that Alphonse reported the stolen handgun to the Kenner Police Department on September 5,1999, and he informed the police that he believed his brother, Miguel, stole the handgun from his home. In response thereto, the Kenner Police Department investigated the matter and filed an incident report (Kenner Police Department report No. 9-80392-99).
On or about September 7, 1999, Rojas threatened Sarasino family members with violence and/or death. The Sarasino family notified the Jefferson Parish Sheriffs Office (“JPSO”), which investigated the matter and filed a report of Rojas’s threats (JPSO complaint No. 1-5726-99). The report indicates that the investigating officer conducted a criminal history check and learned that Rojas was on parole for three counts of attempted murder. The report further indicates that the investigating officer conducted a “dispo check” at 1800 Edenborn, where Rojas’ sister resided, but the “dispo proved fruitless.” The investigating officer noted in the report that he provided “1st District officers with all pertinent information on Miguel Rojas.”
On September 16, 1999, a JPSO officer contacted James Hurston, a probation and parole officer with the Louisiana Department of Public Safety and Corrections. According to Mr. Hurston, the JPSO officer advised him of the complaint the JPSO had received regarding threats Rojas had made against his brother’s family. The JPSO officer also told Mr. Hurston that Rojas may be armed with a handgun Rojas allegedly stole from his brother. On or about September 17, 1999, Mrs. Sarasino also notified Rojas’s parole officer of the threats that Rojas had made to inflict harm on the Sarasino family. She also gave the officer addresses on Edenborn Avenue and Trenton Street where Rojas might be found. |sThe addresses were outside the City of Kenner limits, but within the Parish of Jefferson.
On September 23, 1999, the Kenner Police Department obtained a warrant for Rojas’s arrest based upon his alleged theft of Alphonse’s handgun and for allegedly *926 being a felon in possession of a firearm. The Kenner Police Department also notified Rojas’s parole officer about the warrant at this point. On September 27, 1999, Rojas arrived at Mrs. Sarasino’s home in Kenner and shot her in her fi'ont yard, killing her instantly. Rojas then drove away and was soon found at the Trenton Street address that Mrs. Sarasino had furnished to Rojas’s parole officer. Rojas barricaded himself at this address and engaged in a three-hour standoff with JPSO deputies, which concluded when he was shot and killed by the deputies.
Plaintiffs filed suit against the State of Louisiana through the Department of Public Safety and Corrections; Harry Lee, individually and in his Capacity as Chief of Police and/or Sheriff of Jefferson Parish;[2] the Parish of Jefferson; Nick Congemi, individually and in his Capacity as Chief of Police of the Kenner Police Department; and the City of Kenner.[3] The petition alleged that the various defendants were negligent in their “failing to properly protect” Mrs. Sarasino from Rojas, and also in their “failure to timely arrest” Rojas.
On May 14, 2014, Sheriff Normand filed a motion for summary judgment, seeking a dismissal of all of plaintiffs’ claims against him. He argued that under general negligence principles, plaintiffs failed to show that any actions or inactions of the JPSO were a cause in fact or proximate cause of Mrs. Sarasino’s death. The motion also argued that plaintiffs failed to show a breach of duty owed by the JPSO to Mrs. Sarasino, or that the harm she suffered fell within a duty owed to her.
Plaintiffs filed an opposition to the motion for summary judgment, arguing therein that the JPSO had a duty under Hardy v. Bowie, 98-2821 (La. 9/08/99), 744 So.2d 606, to affirmatively investigate violations of the laws (Rojas’s threats against them and possession of a firearm by a convicted felon), and to protect citizens, ie., the Sarasino family, who may be harmed by those violations. They also argued that the Sheriff failed to choose a reasonable course of action to investigate the complaints and to timely apprehend Rojas. They argued that the extent of the Sheriffs investigation—making one drive by to the address given—was not reasonable under the facts of this case. They supported their opposition by attaching Kenner Police Department incident report No. 9-80932-99, Sheriff Office’s complaint No. 1-5726-99, as well as the deposition of James Hurston, a probation and parole officer with the Louisiana Department of Public Safety and Corrections, and excerpts from the deposition of Maria Sol Sarasino, plaintiff and daughter of Mrs. Sarasino.
The Sheriff filed a reply memorandum to plaintiffs’ opposition, asserting therein that the statutory immunity of La. R.S. 9:2798.1 applied to shield the Sheriff from liability to plaintiffs, as the decision of when, how, and where to allocate department resources and personnel in the investigation and prevention of crime involved elements of choice, rather than a course of action specifically prescribed by statute, regulation, or policy.
A hearing on the motion for summary judgment was held on October 21, 2014. After hearing argument of counsel, the trial court took the matter under advisement. A judgment was ultimately rendered on November 6, 2014 in favor of the Sheriff. Reasons for judgment were issued *927 holding that the statutory immunity of La. R.S. 9:2798.1 applied under the facts of this case. Plaintiffs appealed. The first appeal to this Court was dismissed and the matter was remanded with instructions.[4] Following the lodging of the instant appeal, this Court, on November 15, 2016, ordered the trial court to enter an amended judgment containing the | ^necessary and proper decretal language. An amended judgment was issued on November 29, 2016, decreeing that summary judgment was rendered in favor of the Sheriff and that all of plaintiffs’ claims against the Sheriff were thereby dismissed.
On appeal, plaintiffs argue that the trial court erred in granting summary judgment in favor of the Sheriff because: 1) material issues of fact are still in dispute; and 2) immunity pursuant to La. R.S. 9:2798.1 does not apply herein because the acts and/or omissions of the JPSO were not grounded in policymaking or discretionary acts. They argue that the trial court unduly focused on the issue of posting a 24-hour guard to protect Mrs. Sara-sino, and failed to consider the Sheriffs failure to notify the Louisiana Department of Public Safety and Corrections of the “allegations against a dangerous parolee” (Rojas), and that such notification would have augmented the resources of the JPSO and would have allegedly resulted in the earlier apprehension of Rojas before he could murder Mrs. Sarasino. In their brief, plaintiffs also reassert the arguments made in their original opposition to the Sheriff’s motion for summary judgment, that the Sheriff breached a duty owed to Mrs. Sarasino by failing to timely execute the arrest warrant on Rojas.
In response on appeal, Sheriff Normand argues that the trial court correctly found that he is immune for his discretionary acts involved in this case pursuant to La. R.S. 9:2798.1. He argues .that a decision regarding the allocation of personnel is a discretionary act. Further, the decision of when, how, and where to allocate JPSO resources in the investigation and prevention of crime is one grounded in social and economic policy. The Sheriff argues that he is accordingly shielded by the immunity exception contained in La. R.S. 9:2798.1 for any liability arising out of plaintiffs’ claims. Alternatively, the Sheriff reiterates the arguments made in his motion for summary judgment that under general negligence principles, plaintiffs | ¿failed to show that any actions or inactions of the JPSO were a cause in fact or proximate cause of Mrs. Sarasino’s death, and that plaintiffs failed to show a breach of duty owed by the JPSO to Mrs. Sarasino, or that the harm she suffered fell within a duty owed to her.
ANALYSIS
Summary judgment “shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if. any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of materi *928 al fact exists and the moving party is entitled to summary judgment. Id.
On appeal, our review of summary judgments is de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. A de novo review or an appeal de novo is an appeal in which the appellate court uses the trial court’s record, but reviews the evidence and law without deference to the trial court’s rulings. Wooley v. Lucksinger, 06-1140 (La. App. 1 Cir. 12/30/08), 14 So.3d 311, 335.
The trial court found that the Sheriff was immune from liability to plaintiffs pursuant to La. R.S. 9:2798.1, which provides, in pertinent part:
|7A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, in-strumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1)To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2)To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
[[Image here]]
In Hardy v. Bowie, supra, 744 So.2d at 613, the Supreme Court explained the function of the statutory immunity granted by La. R.S. 9:2798.1:
... [I]nstead of a traditional public duty doctrine in Louisiana, the legislature adopted La. R.S. 9:2798.1, which exempts public entities from liability for their employees’ discretionary or policy-making acts. (Internal citations omitted.) “Under [the discretionary function] doctrine, governmental decisionmakers exercising discretionary functions are immune from suit, because the courts should not chill legislative discretion in policy formation by imposing tort liability for discretionary decision.” (Internal citation omitted.)
However, where liability is based on a public entities’ non-discretionary acts, liability will be judged under the traditional duty-risk analysis. Fowler v. Roberts, supra (holding on rehearing that La. R.S. 9:2798.1 did not apply to immunize the DPS for its negligence, and reinstating the original majority opinion, as supplemented by the plurality opinion). In Fowler, we applied the .two-step test enunciated in Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d. 531 (1988) for determining whether the discretionary function exception applies in specific fact situations. A court must first consider whether the government employee had an element of choice. “The discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to ad *929 here to the directive.” Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958. If the employee had no discretion or choice as to appropriate conduct, there is no immunity. When discretion is involved, the court must then determine whether that discretion is the |skind which is shielded by the exception, that is one grounded in social, economic or political policy. If the action is not based on public policy, the government is liable for any negligence, because the exception insulates the government from liability only if the challenged action involves the permissible exercise of a policy judgment. Fowler v. Roberts, supra at 15.
Thus, immunity based on La. R.S. 9:2798.1 applies when a policy judgment is made at the ministerial level, not at the operational level. Peterson v. City of Tallulah, 43,197 (La.App. 2 Cir. 4/23/08), 981 So.2d 192, 194-195, citing Fowler v. Roberts, 88-1422, 556 So.2d 1 (La. 1989), on rehearing, 556 So.2d 1 (La. 1990).
In Hardy, the victim’s mother sued the Lafayette Police Department when her son was fatally shot during a riot. The Court implicitly found that the actions of the officers complained of, allegedly failing to prevent her son’s shooting during a developing riot, did not involve the “permissible exercise of a policy judgment,” ie., the actions were non-discretionary, or in other words, were “operational.” The Court thus found that the statutory immunity did not apply, and proceeded to apply the duty/ risk principles of negligence to determine if the officers acted reasonably under the circumstances. Finding that the officers did act reasonably based on the evidence provided, the Supreme Court granted summary judgment in favor of the police department, finding no liability. In reversing the appellate court, the Supreme Court specifically found the following: “The police officers acted reasonably under the circumstances in the performance of their duties. Plaintiffs have presented no evidence demonstrating that material factual issues regarding the reasonableness of the police officers’ actions are in dispute.” Hardy v. Bowie, supra, 744 So.2d at 614.
In the present case, in its Reasons for Judgment in this case, the trial court determined that, citing Hardy v. Bowie:
The Court agrees that certainly this decision is grounded in economic policy, as the limited resources of the Jefferson Parish Sheriffs Office must be distributed according to that policy; social policy is implicated as well, in terms of whether even monies and ^manpower which are available should be focused on the needs of one family which would have had to be allocated to only them over an unknown, but most likely lengthy, amount of time due to a complaint of criminal behavior which had not yet even occurred. For those reasons, therefore, the Court finds that Sheriff Newell Normand and the JPSO are shielded by the immunity found under LSA-R.S. 9:2798.1, and its Motion for Summary Judgment is granted.[5]

“Failing to properly protect” claim

Plaintiffs first argue that the trial court erred in finding that the Sheriffs decision not to place a 24-hour guard on *930 Mrs. Sarasino was grounded in social and/or economic policy. They argue that the trial court ignored evidence that the Sheriff allegedly failed to conduct an adequate search for Rojas. They also argue that the Sheriff failed to notify the Department of Public Safety and Corrections regarding a “dangerous parolee” and that the Sheriff failed to show that such decision was grounded in social or economic policy.
Upon review, we agree with the trial court that the “failing to properly protect” claim, whether it consisted of a decision not to place a guard around a possible intended victim, or how often to search for someone who had threatened others, clearly invokes the permissible exercise of policy decisions such as how to allocate and employ resources and manpower, and thus statutory immunity clearly applies to defeat plaintiffs’ claim in this regard. Likewise, plaintiffs ignore the testimony from parole officer James Hurston that a JPSO officer contacted him and informed him of the stolen handgun and threats Rojas made against his family. Thus, the actions complained of under the “failing to properly protect” claim fall under the umbrella of policy decisions, not operational directives, entitling the Sheriff to statutory immunity from this claim.

110“Failure to timely arrest” claim

Plaintiffs have also argued that the Sheriff is liable for Mrs. Sarasino’s death because of his “failure to timely arrest” Rojas. As noted above, defendants’ entitlement to the defense of immunity, pursuant to La. R.S. 9:2798.1, turns on whether the challenged action involved the permissible exercise of a policy judgment or whether the challenged action was operational. If there is no room for an official to exercise a policy judgment, the discretionary function exception does not bar a claim that an act was negligent. Kniepp v. Shreveport, 609 So.2d 1163, 1166-1168 (La. App. 2 Cir. 1992).
 A sheriff must execute an arrest warrant after receipt from a court officer within a reasonable and practicable time. Schexnayder v. Wilson, 427 So.2d 457 (La. App. 5 Cir. 1983). The duty to arrest pursuant to a warrant, therefore, can be operational in nature, because there is no discretion as to whether or not to arrest if the existence of a warrant and the location of the arrestee are immediately known. However, the instant case is distinguishable from the Hardy case and others cited herein, because in those cases, the arrests deemed “operational” were made pursuant to rapidly developing, emergent circumstances, and not pursuant to a previously issued warrant for arrest.
The application of the defense of immunity under La. R.S, 9:2798.1 depends on whether the police conduct in this ease regarding Rojas’s apprehension is characterized as either operational or discretionary. Upon review, we find that the Sheriffs conduct in this case was discretionary in that the ability to execute the outstanding warrant depended upon allocation of manpower and investigative resources, i.e., Rojas had to be located in order to arrest him, rather than, for example, if he had been pulled over for a traffic stop and an outstanding warrant was then discovered. This claim is similar to the first claim of failure to protect in that the basis appears to be how often and to what extent the police were required Into search for someone who had threatened others and for which an arrest warrant had been issued.
Further, plaintiffs did not provide any support for their claim that the Sheriff failed to “timely” arrest Rojas. In fact, plaintiffs failed to point to any evidence indicating that the JPSO was made aware of the arrest warrant obtained by the Ken-ner Police Department on February 23, 1999, just four days prior to Mrs. Sarasi- *931 no’s death. Plaintiffs made no showing regarding what an appropriate time frame would have been in this particular matter, or, again, that the actions of the JPSO in conducting this investigation were not discretionary in nature.
In summary, we find that the Sheriff is shielded by the immunity exception contained in La. R.S. 9:2798.1 for any liability arising out of plaintiffs’ claims for the Sheriff’s alleged “failing to properly protect” Mrs. Sarasino from Rojas, and also for the Sheriffs alleged “failure to timely arrest” Rojas.[6]
CONCLUSION
For the foregoing reasons, upon our de novo review finding that there is no genuine issue as to material fact and that Sheriff Newell Normand is entitled to judgment as a matter of law, we affirm the trial court’s grant of summary judgment in favor of the Sheriff, dismissing all of plaintiffs’ claims against the Sheriff.
AFFIRMED

. Maria Sol Sarasino, Maria Jose Sarasino, and Norberto Sarasino, individually and as the administrator of the Estate of Maria Iba-nez Sarasino and as Natural Tutor of the minors, Jennifer Sarasino and Yazmin Sarasi-no, were named as parties-plaintiff in plaintiffs’ petition for damages.

. After the death of Sheriff Harry Lee, Sheriff Newell Normand was substituted as a party-defendant.

. The claims against Congemi and the City of Kenner were dismissed on December 2, 2014,

. Sarasino v. State, 15-275 (La.App. 5 Cir. 10/28/15), 178 So.3d 199.

. While the reasons for judgment discuss primarily the plaintiffs’ charge that Sheriff Normand was negligent in failing to properly protect Mrs. Sarasino, the amended judgment of November 29, 2016 makes clear that the judgment dismissed all of plaintiffs' claims against the Sheriff, including the claim that the Sheriff was negligent in failing to timely arrest Rojas, on the basis of the statutory immunity provided by La. R.S. 9:2798.1. Appeals are taken from judgments, not reasons for judgment. Dufour v. Horton, 609 So.2d 1109, 1113 (La. App. 2 Cir. 1992). See also La. C.C.P. art. 1918.

. In light of our finding that the immunity provisions of La. R.S. 9:2798.1 shield the Sheriff from liability in this case, we preter-mit any discussion of the duty/risk principles of negligence to determine if the Sheriff acted reasonably under the circumstances presented in this case.