DUSTIN PAYNE AND EMILY PAYNE                    NO. 21-C-702

VERSUS                                          FIFTH CIRCUIT

WALTER BOLDING, ZURICH AMERICAN                 COURT OF APPEAL

INSURANCE COMPANY AND STATE FARM                STATE OF LOUISIANA

AND CASUALTY COMPANY

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

February 24, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** ZURICH AMERICAN INSURANCE COMPANY

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT
COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
KATHERINE TESS STROMBERG, DIVISION "C", NUMBER 38,872

---

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

### WRIT GRANTED; JUDGMENT REVERSED; MATTER REMANDED

Relator, Zurich American Insurance Company, seeks this Court's supervisory review of the trial court's November 18, 2021 judgment which granted the motion for summary judgment filed by plaintiffs, Dustin and Emily Payne.

This matter arises out of an automobile accident that occurred on January 25, 2018, when Dustin Payne was driving an F-150 pickup truck owned by his employer, RES Contractors, L.L.C. ("RES"), and was allegedly hit by a vehicle being driven by defendant, Walter Bolding. Plaintiffs filed a petition for damages, naming as defendants Mr. Bolding, his insurer, and Zurich, the alleged uninsured/underinsured motorist ("UM") insurer of RES. On August 19, 2021, plaintiffs filed a motion for summary judgment, alleging that the UM rejection form signed by Joel Landry on March 15, 2017 was invalid because Mr. Landry did not have proper legal authority to sign the form.[1] According to the evidence submitted in support of the motion for summary judgment, on August 31, 2013, the members of RES executed a second amendment to the amended and restated

---

[1] According to the writ application, Zurich previously filed multiple motions for summary judgment related to this issue.

21-C-702

articles of organization, changing the management structure of the company to three managers. It stated, in pertinent part:

> Management of all of the business and affairs of the Company shall be vested in three (3) Managers. The Managers shall be elected by the Members according to the election provisions set forth in the Operating Agreement of the Company. The Managers are vested with authority to conduct business on behalf of the Company. Any other Members of the Company are not vested with authority to individually conduct business on behalf of the Company and are not mandatories of the Company for matters in the ordinary course of business. All decisions of the Managers shall require majority approval; provided, however, notwithstanding the foregoing, the following Company decisions shall require a unanimous vote of the Managers: … .

At that time, RES had three managers: Mr. Landry, Jerome Perque, and Don Joseph Torres, Jr. In Mr. Landry's deposition, he testified that on November 5, 2015, he became the sole managing member of RES and bought out Mr. Perque and Mr. Torres. On that same date, he signed a "Notice of Change of Members and/or Managers of a Limited Liability Company" form that was filed with the Secretary of State, removing the two previously named managers. Mr. Landry testified that no replacement managers were ever appointed. He stated that at that time, he had "full understanding that [he] had full management authority when [he] bought it 100 percent out." He testified that he was the sole manager because "[t]here was no one else to be held manager." On October 1, 2019, Mr. Landry executed amended and restated articles of organization. Therein, Article III, titled "Management," stated that the management powers of the L.L.C. shall be vested in and the business and affairs of the L.L.C. shall be managed by one or more managers. Based on this evidence, plaintiffs argued in their motion for summary judgment that Mr. Landry did not have the legal authority to sign the UM rejection form since he did not have the authority to act as sole manager at that time. Plaintiffs contended that it was not until the amended articles of organization were filed in October 2019 that the management powers of the business were vested in one or more managers.

In opposition, Zurich argued that as the sole owner, manager, and member of RES at the time the UM rejection form was signed, Mr. Landry had full authority to act as the legal representative of RES and execute the UM rejection form on March 15, 2017. In an affidavit attached to the opposition, Mr. Landry attested that he bought out the remaining two members/managers of RES as of November 5, 2015 and executed the UM rejection form in his capacity as sole owner, member, and manager of RES and acting as its legal representative.

Following a hearing on October 25, 2021, the trial court signed a written judgment on November 18, 2021, which granted plaintiffs' motion for summary judgment. In its reasons for judgment, the trial court stated:

> The Court finds that there is no genuine issue of material fact that Joel Landry hereinafter "Mr. Landry," had no authority to execute the waiver form that he executed on March 15, 2017. At the time that Mr. Landry executed the waiver form, the RES Contractors, LLC's Articles of Organization provided that managerial decisions shall be made by a majority vote of three managers. As Jerome Perque and Don Torres were removed as managers in 2015, and as no new

2

managers were submitted, no one, including Mr. Landry, had the authority to execute a waiver form.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *King v. Illinois Nat. Ins. Co.*, 08-1491 (La. 4/3/09), 9 So.3d 780, 784.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

Appellate courts review summary judgments *de novo* using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Pizani v. Progressive Ins. Co.*, 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. A *de novo* review or an appeal *de novo* is an appeal in which the appellate court uses the trial court's record, but reviews the evidence and law without deference to the trial court's rulings. *Sarasino v. State through Department of Public Safety and Corrections*, 16-408 (La. App. 5 Cir. 3/15/17), 215 So.3d 923, 928. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Muller v. Carrier Corp.*, 07-770 (La. App. 5 Cir. 4/15/08), 984 So.2d 883, 885.

In Louisiana, UM coverage is determined by both contractual provisions and applicable statutes. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, 547. La. R.S. 22:1295 governs uninsured motorist coverage. Under the UM statute, the requirement of UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected. *Duncan*, *supra*. Based on Louisiana's strong public policy regarding UM coverage, the provisions of La. R.S. 22:1295 are liberally construed, while "statutory exceptions to coverage" are strictly construed and must be "clear and unmistakable." *Id.* Because the UM coverage statute is to be liberally construed, the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. *Id.*

La. R.S. 22:1295(1)(a)(ii) states, in pertinent part:

Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his *legal representative*. The form signed by the named insured or his *legal representative* which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively

3

presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.

(Emphasis added.)

In *Duncan*, the Louisiana Supreme Court set forth six requirements for a valid UM rejection form. Those requirements are: 1) initialing the selection or rejection of coverage chosen; 2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident; 3) printing the name of the named insured or legal representative; 4) signing the name of the named insured or legal representative; 5) filling in the policy number; and 6) filling in the date. *Duncan*, 950 So.2d at 552.

The words "legal representative" in La. R.S. 22:1295(1)(a)(ii) mean an individual authorized on behalf of an entity. *Terrell v. Fontenot*, 11-1472 (La. App. 4 Cir. 6/27/12), 96 So.3d 658, 662, *writ denied*, 12-2085 (La. 11/16/12), 102 So.3d 43. An entity, such as a corporation, limited liability company, partnership, trust, or estate, operates through the acts and actions of individuals. An entity itself cannot act on its own behalf, but instead gives authority to an individual to act on its behalf. *Id*. A corporation's authorized agent may execute a UM rejection form without the necessity of a corporate resolution evidencing such authority. *Odom v. Johnson*, 97-546 (La. App. 3 Cir. 12/10/97), 704 So.2d 1254, 1263, *writs denied*, 98-0778 (La. 5/1/98), 718 So.2d 419, 98-0826 (La. 5/1/98), 718 So.2d 420, 98-0876 (La. 5/1/98), 718 So.2d 421. Moreover, corporate authority may be explicitly or implicitly proved but must be proved by admissible evidence. *Stewart v. Edwards*, 34,435 (La. App. 2 Cir. 4/4/01), 784 So.2d 740, 746.

Because the insurer bears the burden of proving a valid rejection of UM coverage or selection of lower limits, when plaintiffs sought summary judgment in this case, they did not bear the burden of proving that the UM rejection form at issue is invalid. *See Gray v. American National Property & Casualty Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839, 845-846. Plaintiffs were not required to negate all essential elements of Zurich's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to Zurich's claim, action, or defense. *Id*.

Upon *de novo* review, we find that plaintiffs failed to point out an absence of proof for an essential element of Zurich's defense. The UM rejection form was signed by Mr. Landry on March 15, 2017. The evidence presented by plaintiffs reveals that RES was previously managed by three managers, including Mr. Landry. In 2015, according to Mr. Landry's testimony, he purchased the interest of the other two named managers and became the sole manager. It is undisputed that on November 5, 2015, Mr. Landry signed a "Notice of Change of Members and/or Managers of a Limited Liability Company" and filed it with the Secretary of State, removing the two previously named managers. He testified that he

4

continued operating the business as CEO and that he is still the sole manager today; no replacement managers were ever appointed.

Though at the time Mr. Landry signed the UM rejection form he had not yet amended RES's articles of organization, the articles of organization were amended in October 2019 to allow for management by "one or more managers." Additionally, the second amendment to the amended and restated articles of organization, as well as the amended and restated articles of organization both state that "[a]ll decisions of the Managers shall require majority approval." Though the number of managers has changed over the years that RES has operated, the articles of organization have consistently stated that the decisions of the managers require "majority approval." At the time Mr. Landry signed the UM rejection form on March 15, 2017, it is undisputed that he was the sole manager of RES and thus "the majority." Further, we note that to adopt plaintiffs' argument in support of their motion for summary judgment that Mr. Landry did not have authority to sign the UM rejection form on March 15, 2017 as the legal representative of RES could lead to absurd consequences under the particular articles of organization in this case, since most, if not all, of the business decisions of RES by Mr. Landry over all these years could possibly be challenged as being null and void because of lack of authority following the removal of the two other managers in 2015. Thus, on the showing made, we find that Mr. Landry had authority to sign the UM rejection form on March 15, 2017 as the legal representative of RES.

In light of the above, based on our *de novo* review, on the showing made, we find that the trial court erred in granting plaintiffs' motion for summary judgment on the issue of the authority of Mr. Landry to sign the UM rejection form.[2] Accordingly, we grant this writ application, reverse the ruling of the trial court granting plaintiffs' motion for summary judgment, and remand the matter to the trial court for further proceedings.

Gretna, Louisiana, this 24th day of February, 2022.

**JGG**
**SMC**
**MEJ**

---

[2] According to the writ application, a cross-motion for summary judgment was also filed by Zurich; however, that motion was continued without date.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/24/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**21-C-702**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

23rd Judicial District Court (Clerk)
Hon. Katherine Tess Stromberg (DISTRICT JUDGE)
Gregory J. Laborde (Relator)

### MAILED

Steven A. Adams (Respondent)
Attorney at Law
13862 Perkins Road
Suite B
Baton Rouge, LA 70810

Susan A. Daigle (Relator)
Kristen H. Bayard (Relator)
Attorney at Law
600 Jefferson Street
Suite 1200
Lafayette, LA 70501

2-24-22



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steven A. Adams
Attorney at Law
13862 Perkins Road-Suite B
Baton Rouge, LA 70810
21-C-702                    02-24-22

9590 9402 2434 6249 3629 35

Article Number *(Transfer from service label)*

7016 2070 0000 0954 6540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery

   Atkinson                            2/28/22

D. Is delivery address different from item 1?   ☑ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

2/24/22



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Susan A. Daigle
Kristen H. Bayard
Attorneys at Law
600 Jefferson Street- Suite 1200
Lafayette, LA 70501
21-C-702                    02-24-22

9590 9402 2434 6249 3629 28

2. Article Number *(Transfer from service label)*

016 2070 0000 0954 6533

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

Jenny Matte   2/28/22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt