SUSAN M. CHEHARDY, Chief Judge.
|2This is a personal injury suit by a service station customer who was struck by a car driven by an employee of the service station. The customer sued the employee, the service station company, and others. The trial court granted the service station’s motion for summary judgment, finding that the employee driver was not in the course and scope of her employment, so there was no vicarious liability of the service station. The customer appeals. We dismiss the appeal as premature and remand the matter to the trial court.
PROCEEDINGS BELOW
Joan W. Powell filed suit against Race-Trac Petroleum, Inc. (“RaceTrae”), Akei-sha N. Dorsey, and others, for damages resulting when Powell was struck by a car driven by Dorsey in the parking lot of the RaceTrae service station on Almeida Road in St. Rose, Louisiana. Dorsey was an employee of RaceTrae, and was returning to work from a personal errand.[1] Powell was at the store to purchase a propane tank.
Powell alleged that RaceTrae was vicariously liable under the theory of respondeat superior for the negligence of Dorsey, its employee, and also that |sRaceTrac was negligent in failing to adequately supervise and train Dorsey, and in failing to provide plaintiff a safe place to purchase propane.
RaceTrae filed a Motion for Summary Judgment, asserting it should be dismissed from the case on the issue of vicarious liability because Dorsey was not in the course and scope of her employment at the time of the incident.
After a hearing, the trial court took the matter under submission. On March 27, 2012, the court granted the motion for summary judgment and dismissed Powell’s claims against RaceTrae with prejudice. In written reasons for judgment, the court concluded:
Based on the foregoing, the Court finds that the actions of Ms. Dorsey were not in the course and scope of her employment at the time of the alleged incident. Thus, the Court has no recourse but to grant the Motion for Summary Judgment. For an employee’s conduct to be within the course and seope of his employment, it must be the kind of conduct that the employee is employed to perform, must occur substantially within the authorized limits of time and space and must be activated, at least in part, by a purpose to serve the employer.
The plaintiff appeals. She contends, first, the trial court erred in finding that Dorsey was not in the course and scope of her employment at the time of the accident. Second, she asserts the trial court erred in dismissing RaceTrae when the petition also alleged that RaceTrae was negligent in failing to adequately supervise and train Dorsey, and in failing to provide the plaintiff a safe place to purchase propane, when this cause of action was not included in the motion for summary judgment before the trial court.
In opposition to the appeal, RaceTrae asserts the trial court did not err by granting the motion for summary judgment because Powell failed to establish a genuine issue of material fact as to whether the *345 accident between Dorsey and Powell occurred within the course and scope of Dorsey’s employment at RaceTrac. |4Further, RaceTrac argues the trial court did not err by granting the motion for summary judgment notwithstanding Powell’s untimely argument (made on appeal) that RaceTrac failed to adequately “supervise and train” Dorsey, because this argument was not raised in the trial court and, even if it were, there is no legal responsibility to “supervise and train” an employee who is not in the course and scope of their employment.
LAW AND ANALYSIS
The appellate court must review the trial court’s grant of a summary judgment de novo and must use the same criteria that govern the trial court in considering whether summary judgment is appropriate: i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Supreme Sens. & Specialty Co., Inc. v. Sonny Greer, Inc., 2006-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.
This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. La. C.C.P. art. 2083. Creighton, Richards & Higdon, L.L.C. v. Richards Cleaniew, L.L.C., 09-247, p. 4 (La.App. 5 Cir. 10/29/09), 28 So.3d 391, 393.
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court grants a motion ■ for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E). [Emphasis added.]
La. C.C.P. art. 1915(A)(3).
A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case; however, a summary judgment shall be rendered or affirmed only as to those issues set forth in \fthe motion under consideration by the court at that time. [Emphasis added.]
La. C.C.P. art. 966(E)(1).
Thus, a judgment granted pursuant to La. C.C.P. art. 966(E) is not a final judgment. See La. C.C.P. art. 1915(A)(3). In order for a partial summary judgment to constitute a final judgment for the purpose of an immediate appeal, it must be designated a final judgment by the court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(l)-(2). Absent such a determination and designation, “any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal.” La. C.C.P. art. 1915(B)(2).
In Robein v. Assadedo, 10-538, p. 7 (La. App. 5 Cir. 12/3/10), 54 So.3d 1151, 1155, the trial judge rendered a partial summary judgment on only one aspect of liability raised in this litigation — causation—but there were outstanding liability issues that remained to be decided before liability could be determined. Thus, the judgment was not immediately appealable.
The instant case presents a similar situation. The trial court granted defendant RaceTrae’s motion for summary judg *346 ment on the issue of vicarious liability, but did not address the issues of RaceTrac’s negligence in training and supervision of Dorsey and in providing a safe place for Powell to purchase propane. RaceTrac did not mention these claims either in its motion for summary judgment or during the motion hearing and, hence, they remain undetermined. With claims against RaceTrac still remaining, RaceTrac should not have been dismissed as a party to the litigation, and the judgment is not yet final.
| ^DECREE
For the foregoing reasons, the appeal is dismissed as premature and the matter is remanded. Costs of this appeal are assessed against the appellant, Joan W. Powell.

APPEAL DISMISSED; MATTER REMANDED

. Akeisha Dorsey married after the accident and changed her last name to Cherry. For uniformity in the lawsuit, however, we continue to refer to her as Dorsey because that was her name at the time of the accident.