ROBERT M. MURPHY, Judge.
| gPlaintiff-appellant, Dr. Eileen Clare Lynch-Ballard, appeals the January 24, 2013 judgment of the trial court, which granted defendant-appellee’s, Louisiana Medical Mutual Insurance Company (“LAMMICO”), motion for summary judgment, exception of no right of action and exception of prescription. Because we find that the judgment at issue is not a final, appealable judgment, we dismiss this appeal for lack of appellate jurisdiction and remand for further proceedings.
LAW AND DISCUSSION
In the present suit, Dr. Lynch-Ballard filed a petition against her defense attorney, his law firm[1] and LAMMICO on December 15, 2011, alleging claims of breach of contract, fraud, tort and legal malpractice, for settling a medical malpractice claim on her behalf without her consent. Specifically, the petition alleges that LAM-MICO agreed to exclude Dr. Lynch-Ballard’s name from the settlement documents, but that it failed to do so, thereby breaching their agreement. |3Further, Dr. Lynch-Ballard contends that LAMMICO breached the insurance contract by failing to obtain her consent to settle the medical malpractice claims on her behalf, and for failing to secure, or to advise her to obtain, separate counsel before settling the claims on her behalf without her consent. Dr. Lynch-Ballard also alleges that as a result of LAMMICO’s report to the National Practitioner’s Data Bank (“NPDB”) of the settlement, she has suffered mental anguish, loss of earning capacity and loss of reputation.
On September 26, 2012, LAMMICO filed a “Peremptory Exception of Prescription, Peremptory Exception of No Right of Action, and/or Motion for Summary Judgment.” In its motion and exceptions, LAMMICO asserts that “[t]he gist of [Dr. Lynch-Ballard’s] claims against LAMMI-CO is that 1) it settled the case without her consent, and 2) that by reporting the settlement to the National Practitioner’s Data Bank, this action has caused her mental pain and anguish, loss of earning capacity and damage to her reputation.” Accordingly, LAMMICO moved for summary judgment on Dr. Lynch-Ballard’s breach of the insurance contract claims, alleging that the LAMMICO insurance policy expressly provides that LAMMICO is not obligated to obtain her consent to settle the claim because she was no longer an insured paying premiums on the policy at the time of the settlement. In addition, LAMMICO’s exception of no right of action urged that Dr. Lynch-Ballard had no right of action against it for mental anguish, loss of business opportunity or loss of reputation as a result of LAMMICO’s *910 report of the settlement to the NPDB. Specifically, LAMMICO alleged that Section 42 U.S.C. 11137(c) of the Healthcare Quality and Improvement Act grants LAMMICO immunity from any civil action for reporting settlements in accordance with the Act. Finally, LAMMICO’s exception of prescription alleged that Dr. Lynch-jBallard’s4 tort claims have prescribed because she filed suit more than one year after she became aware of the alleged tortious conduct.
Following a hearing on the merits on January 24, 2013, the trial court granted LAMMICO’s motion for summary judgment and its exceptions of no right of action and prescription, and issued a judgment on that same day. It is from this judgment that Dr. Lynch-Ballard appeals. On appeal, Dr. Lynch-Ballard raises several assignments of error, three of which address some of her contract claims against LAMMICO. In response, LAM-MICO contends that the trial court’s grant of summary judgment in the judgment at issue resolved all contract issues. After a review of the record and applicable law, however, we find that the judgment at issue does not dispose of all of the claims that Dr. Lynch-Ballard asserted against LAMMICO in her petition, and therefore, is not final and immediately appealable.
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Brown v. Loraso, 11-196 (La.App. 5 Cir. 10/27/11), 77 So.3d 455, 456. This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Powell v. Gramercy Ins. Co., 12-564 (La.App. 5 Cir. 3/13/13), 113 So.3d 343, 345; La. C.C.P. art.2083.
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
La. C.C.P. art. 1915(A)(3) (emphasis added).
A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case; however, a summary judgment shall be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.
|fiLa. C.C.P. art. 966(E)(1) (emphasis added).
Therefore, a judgment granted pursuant to La. C.C.P. art. 966(E) is not a final judgment. Powell, 113 So.3d at 345, citing La. C.C.P.1915(A)(3).
The judgment on appeal in this case does not dispose of all of the claims asserted against LAMMICO in Dr. Lynch-Ballard’s petition. For instance, noticeably absent from LAMMICO’s motion for summary judgment, as well as from its exceptions, is any argument as to the dismissal of Dr. Lynch-Ballard’s claim that LAMMICO breached the agreement to exclude her name from the settlement documents, or her claim that LAMMICO failed to secure, or to advise her to obtain, separate counsel before settling the claims on her behalf without her consent. Our review of the record shows that these claims were clearly asserted against LAM-MICO in Dr. Lynch-Ballard’s petition. Because these claims, and perhaps others, were not set forth in LAMMICO’s motion *911 for summary judgment, or in its exceptions, the judgment at issue does not adjudicate all of the claims and issues asserted in Dr. Lynch-Ballard’s petition. See La. C.C.P. art. 1915(A)(3). Therefore, we find that the judgment at issue is not a final appealable judgment. Rather, the trial court rendered a partial judgment as to less than all of the claims asserted against LAMMICO in Dr. Lynch-Ballard’s petition.
Whether a partial judgment is ap-pealable is determined by examining the requirements of La. C.C.P. art. 1915(B), which provides in pertinent part:
B. (1) When a court renders a partial judgment or a partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination by the court that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or | (¡decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal....
Because the judgment at issue is a partial judgment, it must be designated by the trial court as final for the purpose of an immediate appeal. The trial court did not designate this judgment as final, nor did it make any determination as to whether there is no just reason for delay, as required by La. C.C.P. art. 1915(B).
Moreover, the language of the judgment itself further indicates that it is not a final judgment disposing of all claims. Specifically, nowhere in the judgment does it provide that Dr. Lynch-Ballard’s claims against LAMMICO are dismissed with prejudice. The judgment, signed on January 24, 2013, provides as follows:
This matter came for hearing on January 24, 2013 on Defendant’s, Louisiana Medial Mutual Insurance Company, Motion for Summary Judgment, Exception of No Right of Action, and Exception of Prescription.
PRESENT WERE: JAMES E. SHI-LEDS [sic], SR., Attorney for Plaintiff; RICHARD C. BADEAUX, Attorney for Defendant, Louisiana Medical [sic] Insurance Company,
After considering the law, evidence and for reasons orally assigned,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant’s Motion for Summary Judgment be and is hereby granted.
IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant’s Exception of No Right of Action be and is hereby granted.
IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant’s Exception of Prescription be and is hereby granted.
A final judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. Claiborne Medical Corp. v. Siddiqui, 12-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112. The specific relief granted or denied should be determinable from the judgment itself without reference *912 to an extrinsic source such as pleadings or reasons for judgment. Id. The jurisprudence reflects a well-settled rule that the district court’s oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment. Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d 507, 572.
In this case, the judgment is not a final judgment because it is not determinable from the judgment itself whether the trial court dismissed all, or only some, of the claims asserted against LAMMICO when it ruled in LAMMICO’s favor on its motion for summary judgment and exceptions. Based upon our review of the record, we find that the judgment does not dispose of all of the claims asserted against LAMMI-CO in Dr. Lynch-Ballard’s petition. Therefore, we find that it is a partial judgment as to less than all of the claims asserted against LAMMICO. Because the trial court did not designate the partial judgment as final, nor did it make a determination that there is no just reason for delay, it is not a partial final judgment subject to immediate appeal under La. C.C.P. art. 1915(B).
Accordingly, we dismiss this appeal, without prejudice, for lack of appellate jurisdiction. We remand the matter to the trial court for a determination of Dr. Lynch-Ballard’s remaining claims and whether there is no just reason for delay. Further, we note that when determining whether a partial judgment should be certified as appealable under La. C.C.P. 1915(B), the trial court may consider the following factors: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the trial court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and 4) miscellaneous | «factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, 1122.
CONCLUSION
For the foregoing reasons, we dismiss this appeal without prejudice, and remand the matter for further proceedings. Each party shall bear her/its own costs for this appeal.

APPEAL DISMISSED.

. Dr. Lynch-Ballard’s claims against her defense attorney, F. Williams Sartor, Jr., and his law firm, Nelson, Zentner, Sartor & Snell-ings, LLC, were dismissed with prejudice on July 27, 2012, when the trial court granted their exception of peremption, finding that Dr. Lynch-Ballard’s suit was filed more than one year after the peremptive period for legal malpractice claims.