JOHNSON, J., | iln this intrafamily adoption case, the biological mother appeals the judgment of the juvenile court finding that her consent was not required for the adoption. For the following reasons, we dismiss the appeal. FACTS & PROCEDURAL HISTORY Appellant, K.L., and C.B., who were never married, had a child, E.B., together on July 1, 2005. The parties parted ways in 2009, when E.B. was four years old. From 2009 until 2014, the parties shared, joint custody of E.B., with K.L. as the domiciliary parent and C.B. having visitation every other weekend and holidays. In 2014, after an apparent contentious custody battle, C.B. became the domiciliary parent and K.L. had visitation.[1] After separating from K.L., C.B. married L.B. in September 2009. On February 24, 2017, L.B. and C.B. filed a petition for intrafamily adoption in Juvenile Court for the Parish of Jefferson, wherein L.B. sought to adopt E.B. The parties alleged that E.B.’s biological mother, K.L., who had not consented to the adoption and whose parental rights had not been terminated, had failed to visit or attempt to communicate with E.B. for a period of ten months and had failed to pay court ordered child support for more- than one year. As such, the parties asserted that K.L.’s consent was not required for the adoption. The parties further averred it was in E.B.’s best interest that she.be adopted by L.B. K.L. filed an opposition to the petition for intrafamily adoption, claiming that C.B. and L.B. had denied her contact with E.B. despite her repeated attempts since August 2015. K.L. admitted that she had been in arrears for her child support obligation, but asserted that she had made payments and continues■ to make' efforts lato reduce her arrearages and meet her obligation. K.L. alleged the petition for-adoption was an abuse of process in the ongoing custody disputé in the 24th Judicial District Court (“24th JDC”). The juvenile court conducted a heating on the opposition to the adoption on May 8, 2017. At the hearing, C.B. and L.B. testified in support of their petition and introduced evidence consisting of various emails between C.B. and K.L.; a visitation calendar kept by C.B.; documentation regarding K.L.’s' child support obligation and arrears; a police report showing a child custody disturbance on February 10, 2017 at which time K.L. .was arrested on an outstanding attachment; a Valentine’s Day card and Mother’s Day card given to L.B. by E.B.; and a letter from E.B,’s court appointed attorney indicating that K.L. was not agreeable to meet to discuss school holiday visitation. Additionally, the court examined E.B. in chambers in the presence of counsel.. To oppose the petition, K.L. offered her own testimony along with the testimony of her mother, a friend, LJB.’s brothér and sister-in-law, and L.B.’s ex-husband. K.L. also introduced into evidence more emails between herself and C.B., photographs showing her house and EJB.’s room at her house, as well as photographs of E.B. with K.L. and family, and a letter from Kerry Nesbit with Behavioral Health Solutions of Louisiana indicating • that K.L. had been diagnosed with post-traumatic stress disorder, major depressive disorder and borderline personality disorder and had been treating at the clinic since August 6, 2016. The juvenile court rendered judgment at the conclusion of the hearing, which was reduced to writing the same day, denying KL.’s opposition to the petition for intra-family adoption, specifically finding that C.B. and L.B. proved by clear and convincing evidence that K.L. had failed to support and visit her child for a period in excess of six months and that her consent was not required for the adoption to proceed. In explaining its ruling, the court stated that it had reviewed lathe 24th JDC child custody record, noting that it was “two large volumes and a third not-so-large volume.” The court extensively referred to an evaluation that was conducted in September 2013 in the child custody case in which E.B.’s therapist reported certain concerns. In ruling from the bench, the' court explicitly stated that it was in E.B.’s best interest for the adoption to go forward; however, the court did not render a final decree granting or denying the petition for adoption. Instead, the court explained: It is my policy to wait the time limit to see if this decision will be appealed before I actually go forward with the final degree [sic]' of adoption, and I am going to do that in this case. I will set a tentative date for the adoption hearings in approximately 30 days. Thereafter, K.L. filed a motion for a suspensive appeal from thfe May 8, 2017 judgment “decreeing the. adoption of E.J.B. in favor of [L.B.j,” which the juvenile court granted. ISSUES On appeal; K.L. argues the trial court erred in granting the adoption of E.B. to L.B. and in severing her parental rights. Additionally, she asserts the trial court erred in finding K.L. was without just cause for not visiting and communicating ■with E.B. JURISDICTION Before considering the merits of any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Lynch-Ballard v. Lammico Ins. Agency Inc., 13-475 (La. App. 5 Cir. 11/19/13); 131 So.3d 908, 910. This Court’s appellate jurisdiction extends only to final judgments. Alvarez v. LeBlanc, 08-247 (La. App. 5 Cir. 9/30/08); 996 So.2d 517, 520, citing La. C.C.P. art. 2083. A final judgment is one that determines the merits in whole or in part, while an interlocutory judgment is one that does not determine the merits, but only preliminary matters in the course l4of the action. La. C.C.P.' art. 1841. While a final judgment is appealable, an interlocutory judgment is appealable only when expressly provided by law.[2] La. C.C.P. art. 2083. A judgment that only partially determines the merits of the action is a partial final judgment, and therefore only appeal-able if authorized by La. C.C.P. art. 1915. Article 1915 provides six situations, none of which exist in this case, where a judgment that does not grant the successful party all of the requested relief or adjudicate all of the issues may still constitute a final judgment. Even so, a partial final judgment is only appealable if “it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” La. C.C.P. art 1915(B)(1). ,, The written judgment in this case expressly found that “as a matter of law,” under La. Ch.C. art. 1245, “K.L.’s consent to the adoption of E.J.B. by her stepmother is not required for the adoption to proceed.” It further stated: IT IS ORDERED, ADJUDGED AND DECREED that the opposition to the adoption of E.J.B. is hereby denied. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Final Decree on the adoption of E.J.B. shall proceed-accordingly. Despite K.L.’s representations on appeal, the judgment does not explicitly grant or deny the adoption and it does not terminate KL.’s parental rights[3]; therefore, it does not' constitute a final judgment. RThe issue of whether the consent of a natural parent is required for an intrafamily adoption is only the first part of the inquiry. The basic consideration for an intrafamily adoption is the best interest of the child. La. Ch.C. arts. 1193 and 1255. Even if consent of a biological parent is not necessary under La. Ch.C. art. 1245 because of the failure .to support or visit/communicate with the child, the court must still consider whether the adoption is in the best interest of the child. In re B.J.C., 51,110 (La. App. 2 Cir. 9/28/16); 206 So.3d 337, 347. Although the juvenile court’s oral and written reasons for judgment indicate that it found adoption to be in the best interest of E.B., such a finding is not made in the written judgment. Neither the oral nor written reasons for judgment form a part of the judgment. Appellate courts review judgments and not the reasons for judgment. The written reasons for judgment are merely an explication of the trial court’s determinations. They do not alter, amend or affect the judgment being appealed. Wooley v. Lucksinger, 09-571 (La. 4/1/11); 61 So.3d 507, 572. Additionally, when a trial judge’s oral reasons conflict with his .written, signed judgment, the written judgment prevails. Kirby v. Poydras Center, LLC, 15-27 (La. App. 4 Cir. 9/23/15); 176 So.3d 601, 607. Thus, the juvenile court has not. completed the pertinent determination of the best interest of the child for purposes of the intrafamily adoption. Accordingly, we find that the judgment at issue, which denies KL.’s opposition to the petition for intrafamily adoption by finding K.L.’s consent is not necessary for the adoption to proceed but does not grant or deny the adoption, is not a final appeal-able judgment. Accordingly, we find that we do not have appellate jurisdiction to consider the merits of the present appeal; therefore, we dismiss this appeal without prejudice. Because the juvenile court has set an adoption hearing for a future date, we would be remiss if we did not strongly caution the juvenile court against two errors Ifithat we observed while reviewing the appellate record. First, the record reveals that the juvenile court took judicial notice of the 24th JDC child custody record and, in fact, relied extensively on documentation contained in that record. However, there is no .indication that the record was introduced by either party into evidence. La. C.E. art. 202 provides for mandatory judicial notice of federal and state laws and of certain ordinances, as well as for notice of . various other legal matters, on request of a party and with proper documentation. Article 202 does not allow, nor has it ever been interpreted to allow, courts to take judicial notice of other courts’ proceedings. Rather, documentation of such proceedings must be offered into evidence in the usual manner. United General Title Ins. Co. v. Casey Title, Ltd., 01-600 (La. App. 5 Cir. 10/30/01); 800 So.2d 1061, 1064-65. Thus, while a court may take judicial notice of its own proceedings, which the court did in this case regarding the child support record, there is no provision in Louisiana law for a court to take judicial notice of suit records in other courts. As such, the juvenile court erred in considering the 24th JDC child custody record, absent its introduction into evidence by a party, in reaching its decision. Second, the record indicates the trial court may have relied on the rebutta-ble presumption under La. Ch.C. art. 1255, which states “[w]hen a court has granted custody to either the child’s grandparents or his parent married to the stepparent petitioner, there shall be a rebuttable presumption that [the] adoption is in the best interest of the child.” The juvenile court is cautioned that this presumption only applies when sole custody has been awarded, not joint. In re C.B., 94-755 (La. 10/17/94); 643 So.2d 1251, 1256. And, as noted above, the child custody judgment from the 24th JDC was never introduced into evidence and it is unclear from the testimony whether C.B. was granted sole custody or simply became domiciliary parent in a joint custody situation in 2014. ^Accordingly, the juvenile court is advised to carefully proceed with the adoption hearing to ensure both parts of the inquiry, specifically the best interest of the child, are determined solely on properly admitted evidence. DECREE Based on the foregoing, we dismiss this appeal for lack of jurisdiction. APPEAL DISMISSED . The child custody judgments rendered by the 24th Judicial District Court were never ' introduced into evidence and are not contained in the appellate record. According to C.B., K.L. "lost custody” of E.B. in 2014. . However, it is unclear from the record whether C.B. was awarded sole custody or whether he was simply designated as the domiciliary parent. . Appellate review of interlocutory judgments for which an appeal is not expressly authorized is through this Court’s supervisory authority set forth in La. C.C.P. art. 2201. Mace Scott Enterprises, Inc. v. Doug Cook Enterprises, LLC, 16-73 (La. App. 5 Cir. 5/19/16); 193 So.3d 415, 417, writ denied, 16-1686 (La. 11/29/16); 211 So.3d 387. . We note that the minute entry from May 8, 2016 indicates that the trial court terminated K.L.’s parental rights. However, neither the transcript nor the written judgment signed by the juvenile court judge supports this statement. See State v. Nicholas T. Miller $20,919.00 in U.S. Currency, 13-715 (La. App. 1 Cir. 12/27/13); 137 So.3d 42, 45, writ denied, 14-193 (La. 4/4/14); 135 So.3d 645 ("It is well settled that when, there is a conflict between a minute entry and a written judgment, the latter governs; the trial court may, within its authority, render a judgment thát differs substantially from its prior oral statements, for such oral reasoning, forms no part of the judgment, as it is the formal, signed judgment that governs the controversy,”) The written judgment shows that the court simply denied K.L.’s opposition to the adoption and found her consent was not required for the adoption to go forward. At this point, K.L,’s parental rights are still, intact, Specifically, under La. Ch.C. art. 1256, where a parent’s rights have not been previously terminated by surrender or a judgment of termination, it is only upon a final decree of adoption that parental rights are terminated.