**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**JAC 17-429**


**STATE OF LOUISIANA IN THE INTEREST OF L.F.B.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 27496
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, John E. Conery, and  D. Kent Savoie, Judges.


**Rehearing Granted; Remand Order Rescinded; Appeal Dismissed.**

**Tara B. Hawkins**
**Attorney at Law**
**716 Hodges Street**
**Post Office Box 3756 (70602)**
**Lake Charles, Louisiana 70601**
**(337) 313-4090**
**COUNSEL FOR APPELLANTS:**
      **G.B and Ri.B. (Maternal Grandparents)**

**Thomas W. Saunders, Jr.**
**1919 Kirkman Street**
**Lake Charles, Louisiana 70601**
**(337) 491-2067 – Office**
**(337) 491-2654 - Fax**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana, Department of Children & Family Services**

**Amy E. McGray**
**Mental Health Advocacy Service/Child Advocacy Program**
**1 Lakeshore Drive, Suite 1585**
**Lake Charles, Louisiana 70601**
**(337) 491-2461- Office**
**(337) 491-2464 - Fax**
**COUNSEL FOR OTHER APPELLEE:**
      **L.F.B. (child)**

**CONERY, Judge.**

Since rendering its decision on October 18, 2017,[1] this court has been apprised, through counsel for the State of Louisiana through the Department of Children and Family Services (DCFS) and the child's attorney in their rehearing requests, that the minor child, L.F.B., has been adopted by her putative paternal aunt and the aunt's husband and this child in need of care case has now been concluded. Inasmuch as there is no longer any child in need of care case pending in the trial court in Docket No. 27496, we have no alternative but to recall our remand order and dismiss this appeal.

We addressed and denied the jurisdictional issue raised by counsel for DCFS and counsel for the minor child in our original opinion. As we discussed in our original opinion, the grandparents had filed a petition for custody of L.F.B., which was denied by the juvenile court judge on the basis that the juvenile court had exclusive jurisdiction over the child's custody as long as the CINC case was ongoing pursuant to La.Ch.Code art. 303.[2] Without objection by the parties, the trial judge then converted the grandparents' petition for custody to a petition to

---

[1] *See In Re: L.D.B.*, 17-373 (La.App. 5 Cir. 10/4/17), 228 So.3d 296 for a complete procedural history and discussion of the issues decided in this appeal.

[2] Louisiana Children's Code Article 303 (footnotes omitted) states, in pertinent part:

> A court exercising juvenile jurisdiction shall have exclusive original jurisdiction over:
> . . . .
> (2) Child in need of care proceedings pursuant to Title VI.
> (3) Families in need of services proceedings pursuant to Title VII.
> (4) Traffic proceedings pursuant to Title IX.
> (5) Involuntary termination of parental rights proceedings pursuant to Title X.
> (6) Voluntary termination of parental rights proceedings pursuant to Title XI.
> (7) Adoption proceedings pursuant to Title XI or XII.

intervene in the CINC proceeding, which it ultimately denied, and which is the subject of this appeal. Because that judgment was final as to the grandparents' right to participate in the CINC proceeding in any way, we rejected DCFS' jurisdictional argument and decided the case on original hearing in favor of the grandparents' right to intervene.[3] On rehearing, we again decide the case on the merits of DCFS and L.F.B.'s rehearing request, but are constrained to find that we no longer have jurisdiction in the CINC proceedings, which are now moot based on the adoption of L.F.B.

M.W., the sister of L.F.B.'s putative father, R.Y., and M.W.'s husband, J.W., had filed a motion to intervene in the CINC proceeding on August 10, 2016. After their home had been approved by DCFS, DCFS recommended and the court then placed L.F.B. in the custody of M.W. and J.W. as prospective adoptive parents on September 15, 2016. After the grandparents' petition to intervene in this CINC proceeding was denied by the trial court, the grandparents then filed a motion for interim visitation in the CINC proceeding. While L.F.B. was still legally in the State's custody and physically living with M.W. and J.W., the prospective adoptive parents, the trial court denied the grandparents' visitation request on June 29, 2017.

---

[3]Assuming that the original appeal was from an interlocutory judgment, this court had the authority to review the trial court's decision and convert the appeal to an application for supervisory writ. *See Stelluto v. Stelluto*, 05-74, p. 7 (La. 6/29/05), 914 So.2d 34, 39:

> The Louisiana Constitution confers appellate jurisdiction upon the courts of appeal over "all civil matters" and "all matters appealed from family and juvenile courts" and supervisory jurisdiction over "cases which arise within its circuit." La. Const. art. V, § 10(A). Moreover, the jurisprudence indicates that the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. *See In re Medical Review Panel of Freed*, 05-28 (La.App. 5 Cir. 4/26/05), 902 So.2d 472, at 473 ("[C]onverting appeals to writs will be left to the discretion of the panel.").

We were not made aware of this ruling on original appeal, but as a result of the rehearing, we did order a supplemental record and finally became aware of what had happened since the appeal was originally lodged.

While the merits of the grandparents' appeal was pending before this court in the CINC proceeding, without notice to this court or the grandparents' attorney, the attorney for the adoptive parents, the putative paternal aunt, M.W. and her husband, J.W., filed a petition for final adoption of L.F.B. in a separate docket of the juvenile court. That record was also not part of this original appeal. However, pursuant to La.Ch.Code art. 303, we acknowledge that the trial court did have continuing jurisdiction over issues pertaining to the adoption of L.F.B.

The grandparents did not seek a stay of any of the rulings of the trial court, as DCFS pointed out in its reply brief on rehearing, nor did they file a request for a writ on the denial of temporary visitation. There was nothing in the record when we decided this case on original appeal to alert our court that the adoption was being pursued by M.W. and her husband, J.W., during the appeal. In the meantime, the trial judge took up the issue of the final adoption of the child at its first and only hearing on that issue on September 6, 2017, in a separate docket number and signed an adoption decree allowing M.W. and J.W. to adopt L.F.B. that same day, while the CINC case was pending on appeal and shortly before this court decided the merits of the appeal in favor of the grandparents' right to intervene in the CINC proceeding.

DCFS and the child's attorney now argue on rehearing that since the trial judge maintained jurisdiction during the pendency of the CINC proceeding

pursuant to La.Ch.Code art. 336[4] and La.Ch.Code art. 303, the trial judge could lawfully exercise jurisdiction in the adoption case. DCFS and the child's attorney argue that the grandparents' intervention is now moot.

Neither the attorney for DCFS, the child's attorney, nor the trial judge made this court aware that the adoption judgment had been signed allowing M.W. and J.W. to adopt L.F.B. while the merits of the grandparents' appeal in the CINC proceeding were being considered. However, the grandparents' attorney did not request or file a stay of the CINC proceedings during the appeal. The brief by the grandparents' attorney asserts that she orally requested a stay of proceedings in the trial court after visitation was denied, but that is not part of our record and no writ was taken from that ruling.

Briefs by DCFS and the child's attorney were timely filed in this court in the CINC proceeding before the adoption was granted. Oral argument was waived. However, our court considers the matter to be submitted on the date of argument, September 5, 2017, assuming no further hearing is requested. We published our opinion in favor of the grandparents' right to intervene in the CINC proceeding on October 18, 2017, without being forewarned or informed that the trial judge had already signed an adoption judgment of L.F.B. by M.W. and J.W. on September 6, 2017, the day after the CINC case was submitted to our court for decision.

Rule 3.3 of the Louisiana Rules of Professional Conduct mandates that attorneys show candor toward the tribunal. The lack of candor by the attorney for

---

[4] Louisiana Children's Code Article 336 states, in pertinent part:

> A. Except as provided by Paragraphs B and C of this Article, the effect of a judgment shall not be suspended by an appeal, unless the trial court or a court of appeal directs otherwise.

4

DCFS and child's attorney resulted in this court working on and publishing an opinion when the judgment of adoption was already signed and the CINC case was arguably moot. We were not updated on this material change in this case, which in effect rendered our decision moot. No motion to dismiss the appeal was filed after the adoption had been approved and signed on September 6, 2017. A review of the supplemental record we ordered on rehearing shows that the adoption judgment was filed in the trial court on September 6, 2017. Additionally, an October 6, 2017 minute entry in the CINC proceeding that reads: "The Court states the child has been adopted." shows that the trial judge effectively dismissed the CINC case. We were not made aware of either order until rehearing was requested, whereupon we ordered the record supplemented.

As a result of the rehearing request, we also ordered the confidential adoption record without objection by any of the parties and, after review, find there is no pleading or appeal filed in that case that might affect the adoption judgment at this time. Under the current set of circumstances, and based on the record before us, we find that we have no alternative but to recall our decree rendered on October 18, 2017, in this case. We find that a grave injustice may have been done to these grandparents who, at the very least, deserved to be notified of the hearings we discussed in our original opinion, as well as the pending adoption. Our court certainly should have been notified. Nonetheless, we are constrained to dismiss this appeal as the issues in the CINC proceeding are now moot. We express no opinion as to the propriety of the adoption proceeding as that issue is not presently before us.

## CONCLUSION

We grant the rehearing and recall our remand order to the trial court issued in our opinion dated October 18, 2017.  On the record before us, we find that there is no longer a child in need of care case in which the grandparents can intervene. All costs of this appeal are assessed to the maternal grandparents, G.B. and Ri.B.

**Rehearing Granted; Remand Order Rescinded; Appeal Dismissed.**