IN RE: NELITA THOMPSON APPLYING FOR
INTRAFAMILY ADOPTION, OF CHILDREN
UNDER THE AGE OF EIGHTEEN

NO. 23-CA-320

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH JUVENILE COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 2022-AD-56, DIVISION "C"
HONORABLE BARRON C. BURMASTER, JUDGE PRESIDING

October 23, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Scott U. Schlegel

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED**
    **JGG**
    **SJW**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
NELITA THOMPSON
    Roy M. Bowes
    Mitchell A. Palmer

COUNSEL FOR DEFENDANT/APPELLANT,
GERALD CONAWAY
    Erin A. Fisher

**GRAVOIS, J.**

Appellant, Gerald Conaway, Jr., appeals the April 11, 2023 judgment of the Juvenile Court of Jefferson Parish which found that under La. Ch.C. art. 1245, his consent was not required for the court to rule upon the Petition for Intrafamily Adoption of G.T.C. III and N.E.C., his minor children, filed by Nelita Thompson, his minor children's maternal grandmother and their temporary legal custodian. For the following reasons, we find that the judgment on appeal is not a final, appealable judgment. Accordingly, we dismiss the appeal without prejudice and remand the matter to the Juvenile Court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On September 1, 2022, Nelita Thompson filed a Petition for Intrafamily Adoption of the minor children, G.T.C. III and N.E.C. Her petition averred that she was the children's maternal grandmother and had been granted legal custody of the children by a judgment of the Juvenile Court signed on July 21, 2015, which was attached to the petition.[1] The petition alleged that Mr. Conaway had an extensive criminal record and that Ms. Thompson's daughter, Dillia N. Hackler, the children's mother, died in 2017. In her petition, Ms. Thompson alleged that it was in the best interest of the children that she be allowed to adopt them, as she had provided the primary care for them before and since the custody judgment, and continued to do so. She alleged that Mr. Conaway had either refused or failed to visit, communicate with, or attempt to communicate with the children for a period of at least six months. She further alleged that he had failed to provide significant contributions to the children's care and support for a period in excess of six consecutive months. Among other exhibits, the children's birth certificates and the

---

[1] The order of custody was granted in Docket No. 2015-CC-62, a child in need of care proceeding in Juvenile Court to which the parties refer in the appellate record and in briefs. The record of this child in need of care proceeding is not part of the appellate record in this proceeding.

"Revocation of Custody" judgment in *State in the Interest of C.M., N.H., and G.C. III*, docket No. 2015-CC-62 in the Juvenile Court for the Parish of Jefferson, were attached to the Petition.

On November 9, 2022, Mr. Conaway filed into the record of this proceeding a handwritten letter wherein he stated his opposition to the intrafamily adoption. He alleged that Ms. Thompson had lied to the court and concealed the exact whereabouts of the children from him, and that they were currently with another relative, not Ms. Thompson, who had legal custody. He also alleged that he was not able to afford an attorney to represent him.

Counsel was appointed to represent the minor children. A hearing was held to determine whether due process required the appointment of counsel for Mr. Conaway. Following the hearing, counsel was appointed for Mr. Conaway on November 29, 2022.[2]

At the April 11, 2023 hearing on the opposition to the adoption and the final decree of the adoption, Mr. Conaway's opposition to the adoption was heard. At issue were the allegations in Ms. Thompson's petition that Mr. Conaway had failed to contact the children for a period in excess of six months and had also failed to provide significant support to the children for a period in excess of six months.[3]

---

[2] The record indicates that the Petition for Adoption was set hearing on December 19, 2022; however, a minute entry from that day states that the matter was continued to coincide with the hearing of the "opposition to adoption." A hearing on Mr. Conaway's opposition to the adoption and the final decree of adoption was held on January 30, 2023, but was continued to allow counsel for Mr. Conaway to review all discovery and the previous child in need of care proceeding, Docket No. 2015-CC-62. The next hearing was set for March 17, 2023. At that hearing, the court found that further discovery was necessary. The hearing on the opposition to the adoption and the final decree of the adoption was then reset for April 11, 2023.

[3] La. Ch.C. art. 1245 provides:

A. The consent of the parent as required by Article 1193 may be dispensed with upon proof by clear and convincing evidence of the required elements of either Paragraph B or C of this Article at the hearing on the opposition and petition.

B. When a petitioner authorized by Article 1243 has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exists:

Following testimony from Mr. Conaway, the trial court ruled from the bench that he had not borne his burden of proof that he had made the required communication with his children or provided the required support. The trial court found that as a result, Mr. Conaway had lost the right to oppose the adoption; *i.e.*, his consent to the adoption was not required. Counsel for Mr. Conaway objected to the ruling.

The trial court did not proceed with the final decree of adoption at that time, however, finding that the record was missing a required affidavit. Mr. Conaway filed a Notice of Intent to File Appeal of the April 11, 2023 judgment on April 21, 2023, which was granted that same day. On May 22, 2023, the final decree on the petition for adoption was taken up; however, as evidenced by a minute entry in the appellate record, the final decree of adoption was continued pending the outcome of this appeal.

## LAW

Intrafamily adoptions, the adoption of a child by a stepparent or certain other relatives, are authorized by the Louisiana Children's Code. La. Ch.C. arts. 1170, 1243. As per La. Ch.C. art. 1245, the party petitioning for adoption has the initial burden of proving that a biological parent's consent is not required due to the parent's nonsupport of or lack of communication with the child by clear and

---

(1) The parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.

(2) The parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of at least six months.

C. When the spouse of a stepparent petitioner has been granted sole or joint custody of the child by a court of competent jurisdiction or is otherwise exercising lawful custody of the child and any one of the following conditions exists:

(1) The other parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.

(2) The other parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of at least six months.

convincing evidence. *In re J. W. R.*, 21-691 (La. App. 5 Cir. 3/3/22), 340 So.3d 1242, 1246.

## JURISDICTIONAL CHALLENGE

In brief to this Court, appellee Ms. Thompson argues that the trial court's judgment of April 11, 2023 is not a final judgment and thus this Court is without appellate jurisdiction to review said judgment. In support, she cites this Court's opinion in *In re L. D. B.*, 17-373 (La. App. 5 Cir. 10/4/17), 228 So.3d 296, 299, wherein this Court stated:

> Before considering the merits of any appeal, appellate courts have the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue. *Lynch-Ballard v. Lammico Ins. Agency Inc.*, 13-475 (La. App. 5 Cir. 11/19/13); 131 So.3d 908, 910. This Court's appellate jurisdiction extends only to final judgments. *Alvarez v. LeBlanc*, 08-247 (La. App. 5 Cir. 9/30/08); 996 So.2d 517, 520, citing La. C.C.P. art. 2083. A final judgment is one that determines the merits in whole or in part, while an interlocutory judgment is one that does not determine the merits, but only preliminary matters in the course of the action. La. C.C.P. art. 1841. While a final judgment is appealable, an interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083.

> A judgment that only partially determines the merits of the action is a partial final judgment, and therefore only appealable if authorized by La. C.C.P. art. 1915. Article 1915 provides six situations, none of which exist in this case, where a judgment that does not grant the successful party all of the requested relief or adjudicate all of the issues may still constitute a final judgment. Even so, a partial final judgment is only appealable if "it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B)(1).

> The written judgment in this case expressly found that "as a matter of law," under La. Ch.C. art. 1245, "K.L.'s consent to the adoption of E.J.B. by her stepmother is not required for the adoption to proceed." It further stated:

> > IT IS ORDERED, ADJUDGED AND DECREED that the opposition to the adoption of E.J.B. is hereby denied.

> > IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Final Decree on the adoption of E.J.B. shall proceed accordingly.

23-CA-320                                    4

> Despite K.L.'s representations on appeal, the judgment does not explicitly grant or deny the adoption and it does not terminate K.L.'s parental rights; therefore, it does not constitute a final judgment.

(Footnotes omitted.)

In *In re L. D. B.*, this Court found that the issue of whether the consent of a natural parent is required for an intrafamily adoption is only the first part of the inquiry regarding whether a petition for intrafamily adoption should be granted. The basic consideration for an intrafamily adoption is the best interest of the child. La. Ch.C. arts. 1193 and 1255. This Court noted that even if consent of a biological parent is not necessary under La. Ch.C. art. 1245 because of the failure to support or visit/communicate with the child, the court must still consider whether the adoption is in the best interest of the child. Thus, this Court found that the Juvenile Court had not completed the pertinent inquiry, and that the judgment on appeal, which ruled only on the issue of whether the parent's consent was required, was not final for appellate purposes. Based upon these findings, this Court dismissed the appeal without prejudice. *Id.* at 300.

The procedural posture in the instant case is identical to *In re L. D. B.*, except for the additional fact that in this case, the trial court specifically continued the final decree of adoption until such time as this Court rules on the instant appeal. As such, the April 11, 2023 judgment is not final for appellate purposes.[4] Because this Court is without appellate jurisdiction to review the April 11, 2023 judgment, we hereby dismiss this appeal without prejudice.

## DECREE

For the foregoing reasons, this appeal is dismissed without prejudice and the matter is remanded to the Juvenile Court for further proceedings.

## APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED

---

[4] The judgment on appeal, as a partial final judgment, would only be appealable if "it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B)(1). The appellate record contains no such express determination.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 23, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-320

### E-NOTIFIED
JUVENILE COURT (CLERK)
HON. BARRON C. BURMASTER (DISTRICT JUDGE)
MITCHELL A. PALMER (APPELLEE)          ERIN A. FISHER (APPELLANT)          RAMONA G. FERNANDEZ (APPELLANT)

### MAILED
ROY M. BOWES (APPELLEE)          JUDITH A. DEFRAITES (APPELLEE)
ATTORNEY AT LAW                  ATTORNEY AT LAW
2550 BELLE CHASSE HIGHWAY        700 CAMP ST
SUITE 200                        NEW ORLEANS, LA 70130
GRETNA, LA 70053